# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL VINCENT ADAMS, <br> ADC # 99530 <br>         Plaintiff, <br> v. <br> <br> G. DAVID GUNTHARP, et al. <br> <br>         Defendant. | * <br> * <br> * <br> * <br> *    No. 5:99-CV-00207-JJV <br> * <br> * <br> * |

## **ORDER**

Before the Court is Plaintiff's Motion to Compel Settlement (Doc. No. 85). Mr. Adams contends that the settlement agreement reached after mediation on January 2, 2003, required the Arkansas Department of Correction (ADC) staff to provide him access to a "tanning box" during the winter months for treatment of a skin condition. (Doc. No. 85 at 1-2.) Plaintiff cites to a portion of the settlement agreement that states:

> ADC shall make arrangements for a physician, not affiliated with Correctional Medical Services and who is a specialist in matters related to chronic psoriasis, to examine Inmate Valachi/Adams within 21 working days after all parties have signed this agreement. This specialist will evaluate appropriateness of care and recommend a protocol of treatment which could be rendered within the prison system.

(*Id.*)

Defendants state they were unable to locate the original settlement agreement, but cite to the January 15, 2003, treatment notes of the physician who evaluated Plaintiff pursuant to the settlement agreement. (Doc. No. 104.) The physician only recommended that Plaintiff continue "Balnetar" baths daily, application of certain ointments for "flare-ups" of his condition, and exposure to ambient outdoor sunlight as much as possible. (Doc. No. 104.) A prescription for a tanning bed or

1

light box was not recommended.

While Plaintiff has provided a medical record from The University Hospital of Arkansas Dermatology Clinic recommending "UVB therapy" and an order for a "light box" (Doc. No. 99 at 5), this medical record is dated a year later, on January 14, 1994, and does not appear to be a part of the settlement agreement. Furthermore, after reviewing the transcript of the settlement conference, the Court concludes that no light box or tanning box was contemplated. (Doc. No. 106.)

Accordingly, Plaintiff's Motion (Doc. No. 85) is DENIED.

SO ORDERED this 2nd day of May, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE